# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
Filed: May 6, 2022

| | | |
|---|---|---|
| * * * * * * * * * * * * * * * | | |
| KRISTINE AKERS *and* | * | |
| MATTHEW AKERS, *as parents of* | * | UNPUBLISHED |
| A.A., *a minor,* | * | |
| | * | No. 15-597V |
| Petitioners, | * | |
| v. | * | Special Master Gowen |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | Attorneys' Fees and Costs. |
| | * | |
| Respondent. | * | |
| | * | |
| * * * * * * * * * * * * * * * | | |

*William E. Cochran, Jr.*, Black McLaren et al., PC, Memphis, TN, for petitioners.
*Voris E. Johnson*, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

On September 29, 2021, Kristine & Matthew Akers, as parents of A.A., a minor, ("petitioners") filed a motion for attorneys' fees and costs. Motion for Attorneys' Fees and Costs ("Fees App.") (ECF No. 133). For the reasons discussed below, I **GRANT** Petitioner's motion for attorneys' fees and costs and award a total of **$85,497.39.**

### I.      Procedural History

On June 12, 2015, petitioner filed a petition for compensation under the National Vaccine Injury Program.[2] Petition at Preamble. (ECF No. 1). The petition relates to A.A.'s receipt of the scheduled four-month diphtheria-tetanus-acellular pertussis ("DTaP"), hepatitis B ("Hep B"),

---

[1] The undersigned intends to post this Ruling on the United States Court of Federal Claims' website. **This means the Ruling will be available to anyone with access to the Internet.** In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access. Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

1

inactivated polio virus ("IPV"), haemophilus influenzae type B ("Hib"), rotavirus, and pneumococcal conjugate ("PCV") vaccines on December 10, 2012. Petitioner alleges that the vaccinations in question caused or substantially contributed to A.A.'s seizure disorder.

On July 6, 2021, I entered a decision on entitlement denying compensation and dismissing the case based on petitioner's inability to carry their burden of establishing causation in fact. Decision on Entitlement (ECF. No. 129). On September 29, 2021, petitioner filed a motion for final attorneys' fees and costs. Petitioners' requests reimbursement for their attorneys in the total amount of $89,327.39, representing $46,550.20 in attorneys' fees and $42,777.19 in costs. Fees App. at 1. Respondent filed his response on October 4, 2021, stating that "Respondent is satisfied the statutory requirement for an award of attorneys' fees and costs are met in this case." Response at 2 (ECF No. 134).

The matter is now ripe for adjudication.

## II.    Analysis

Under the Vaccine Act, the special master may award reasonable attorneys' fees and costs for a petition that does not result in an award of compensation but was filed in good faith and with a reasonable basis. § 300aa–15(e)(1). Although, compensation was denied, this case presented exceptionally complex issues of diagnosis of the child's underlying cause of a severe seizure disorder and difficult issues of vaccine causation. The issues were addressed by multiple experts for both sides and clarity as to the underlying disease process was not reached until well after the hearing when A.A. underwent major brain surgery to relieve her refractory seizure condition, necessitating multiple post hearing expert reports. On May 31, 2018, I issued a decision on interim attorneys' fees and determined that there was reasonable basis for this case. The procedural history of the case was detailed in that opinion and will not be repeated here. I have concluded that a reasonable basis for the case continued through its conclusion.

Petitioners "bea[r] the burden of establishing the hours expended, the rates charged, and the expenses incurred" are reasonable. *Wasson v. Sec'y of Health & Human Servs.*, 24 Cl. Ct. 482, 484 (1993). Adequate proof of the claimed fees and costs should be presented when the motion is filed. *Id.* at 484 n. 1. The special master has the discretion to reduce awards *sua sponte*, independent of enumerated objections from the respondent. *Sabella v. Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 208–09 (Fed. Cl. 2009); *Savin v. Sec'y of Health & Human Servs.*, 85 Fed. Cl. 313 (Fed. Cl. 2008), *aff'd* No. 99–537V, 2008 WL 2066611 (Fed. Cl. Spec. Mstr. Apr. 22, 2008).

### a.    Attorneys' Fees

Petitioner requests a total of $46,550.20 for various rates of compensation for the attorneys who worked on her case, predominantly Mr. William Cochran, but also Mr. Michael McLaren, and Mr. Chris Webb, as well as various paralegals. Fees App. at 8. I have reviewed the requested rates and find them to be in conformance with what Black McLaren Jones Ryland & Griffee attorneys and staff have previously been awarded for their work by myself and other special masters. Accordingly, no adjustment to the requested rates is necessary.

Petitioner requests the following rates for work of her counsel:

|  | 2018 | 2019 | 2020 | 2021 |
|---|---|---|---|---|
| **Michael G. McLaren** | $456 | $464 | $484 | $484 |
| **William E. Cochran Jr.** | $377 | $391 | $405 | $420 |
| **Chris J. Webb** | n/a | $338 | n/a | $364 |
| **Paralegals** | $153 | $155 | $160 | $161 |

Upon review of the submitted billing statement, I find the overall hours spent on this matter appear to be reasonable. The billing entries appear to accurately reflect the work being performed and the amount of time spent on each task. Respondent has not identified any particular entries as being objectionable, and upon review I do not find any objectionable entries either. Accordingly, Petitioner is entitled to the full amount of attorneys' fees sought.

    a.    **Attorneys' Costs**

Like attorneys' fees, a request for reimbursement of costs must be reasonable. *Perreira v. Sec'y of Health & Human Servs.*, 27 Fed. Cl. 29, 34 (Fed. Cl. 1992). Petitioner requests total attorneys' costs in the amount of $42,777.19. This amount is comprised of acquiring medical records, postage, copying, and in large part for the work performed by Petitioner's medical experts, Dr. Gershwin, Dr. Kinsbourne, and Dr. Kessler.

    i.    **Dr. Gershwin**

Petitioners request a total of $16,650.00 in final costs for their expert Dr. Gershwin. His requested rate for all work performed following the entitlement on February 6-8, 2018, is $450.00 per hour. I and other special masters have previously approved this rate, and I approved this rate previously in the interim fees request on May 31, 2018. Decision on Interim Attorneys' Fees and Costs (ECF No. 94). Therefore, I find it appropriate to do so here.

Based on my knowledge of the case and Dr. Gershwin's detailed invoices, I find the hours expended to be generally reasonable. In the interim fees decision I had deferred ruling on a portion of Dr. Gershwin's bill for post hearing review, and did not award two invoices dated February 26, 2018, and April 23, 2018, a total of $5,287.50, because they were for Dr. Gershwin's review of the entitlement hearing and response. Pet. Int. App., Ex. 2 at 223, 261. At this time I have had the opportunity to review Dr. Gershwin's post-hearing reports and therefore those costs will be awarded in this final attorneys' fees decision. Pet. Ex. 157 (ECF No. 106). Dr. Gershwin also filed a post-hearing rebuttal report on May 7, 2018, and a supplemental expert report on October 12, 2018. Pet. Ex. 138 and 157 (ECF No. 91 and 106), at a cost of $11,362.50. Accordingly, there is no reduction and Dr. Gershwin is awarded a total of $16,650.00.

    ii.    **Dr. Kinsbourne**

Petitioners also request a total of $19,150.00 in final costs for their expert Dr. Kinsbourne. His requested rate for all work performed from July 8, 2018, to November 25, 2019, was $500.00 per hour, for a total of $9,250.00. The work included review of respondent's expert

3

reports and a response to the courts order in the form of a supplemental expert reports filed on October 15, 2018, and November 25, 2019, totaling 18.5 hours expended. Pet. Exs. 150, 180 (ECF Nos. 105, 127).

The interim fees decision awarded Dr. Kinsbourne $400.00 per hour because the case involved multiple issues outside of Dr. Kinsbourne's expertise. Decision on Interim Attorneys' Fees and Costs (ECF No. 94). Additionally, the interim fees decision did not award 19.8 hours of work expended after the hearing in March-May 2018, totaling $9,900.00. This work included conferring with counsel; reviewing the trial transcript and the MRI slides; medical literature research; and preparing a supplemental expert report which was filed as Petitioners' Exhibit 140 on May 7, 2018. Therefore, the total number of hours billed are 38.3 hours, for a total of $19,150.00. I find the hours expended for this work were reasonable.

As Dr. Kinsbourne was previously awarded a rate of $400 an hour for work on this case, I will award that rate in this opinion as well for the reasons stated in the interim fee petition, resulting in a reduction in his charges of $3,830.00. Accordingly, I award $15,320.00 for Dr. Kinsbourne's post hearing work in this case.

### iii. Dr. Kessler

Lastly, petitioner's request $5,000.00 in final costs for their expert Dr. Kessler. Pet. Fee. At 4. He is a neuro-radiologist retained by petitioners' counsel following the entitlement hearing. His first two reports, along with his curriculum vitae, were filed on May 7, 2018. Pet. Exs. 136, 137, 139 (ECF No. 91). The costs of $3,250.00 were not awarded in the interim fees decision, and will be awarded in this decision. Dr. Kessler also filed a supplemental expert report on October 15, 2018. Pet. Ex. 156 (ECF no. 105), at a cost of $1,750.00. In total Dr. Kessler billed 10 hours with a rate of $500.00 per hour, totaling $5,000.00.

This case involved complicated and disputed issues involving the reading and interpretation of multiple brain scans on this child.  Dr. Wilson is an experienced neuro-radiologist whose opinions were helpful in understanding the issues regarding the nature and evolution of the child's disorder.  I find that his hourly rate and hours expended were reasonable and will award those costs of $5,000.00

## III. Conclusion

In accordance with the foregoing, petitioners' application for final attorneys' fees and costs is **GRANTED**. I find they are entitled to the following reasonable attorneys' fees and costs:

| | |
|---|---|
| Attorneys' Fees Requested: | $46,550.20 |
| **Attorneys' Fees Awarded:** | **$46,550.20** |
| | |
| Attorneys' Costs Requested: | $42,777.19 |
| Expert Costs | |
| Dr. Gershwin – deferred costs | $5,287.50 |

4

| | |
|---|---|
| Dr. Gershwin – final costs | $11,362.50 |
| Dr. Gershwin – Total Costs | = $16,650.00 |
| Dr. Kinsbourne – deferred costs | $9,900.00 |
| Dr. Kinsbourne – final costs | $9,250.00 |
| Dr. Kinsbourne – fee reduction | -$3,830.00 |
| Dr. Kinsbourne – Total Costs | = $15,320.00 |
| Dr. Kessler – deferred costs | $3,250.00 |
| Dr. Kessler – final costs | $1,750.00 |
| Dr. Kessler – Total costs | = $5,000.00 |
| **Expert Costs Total** | **$36,970.00** |
| | |
| Other Attorneys' Costs Requested: | $1,977.19 |
| **Attorneys' Costs Awarded:** | **$1,977.19** |
| **Total Attorneys' Costs Awarded:** | **$38,947.19** |
| | |
| Total Attorneys' Fees and Costs Requested: | $89,327.39 |
| **Total Attorneys' Fees and Costs Awarded:** | **$85,497.39** |

Accordingly, I award the following:

1) **a lump sum in the amount of $85,497.39, representing reimbursement for Petitioner's attorneys' fees and costs, in the form of a check payable to Petitioner and Black McLaren Jones Ryland & Griffee.**

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court shall enter judgment in accordance herewith.[3]

**IT IS SO ORDERED.**

/s/Thomas L. Gowen
Thomas L. Gowen
Special Master

---

[3] Entry of judgment can be expedited by each party's filing of a notice renouncing the right to seek review. Vaccine Rule 11(a).